1  STEVEN W. MYHRE                                    e-filed on 09/07/07
   Acting United States Attorney
2  333 Las Vegas Blvd. South, Suite 5000
   Las Vegas, NV 89101
3  Telephone:      (702) 388-6336

4  ROLLIN G. THORLEY
   Special Assistant United States Attorney
5  Nevada Bar No. 2339
   110 City Parkway, Suite 301
6  Las Vegas, NV 89106
   E-mail:      rollin.g.thorley@irscounsel.treas.gov
7  Telephone:      (702) 868-5167 (direct line)
                   (702) 868-5154 (office)
8                  (702) 868-5338 (fax)
                   (702) 868-5440 (fax)

9

10             IN THE UNITED STATES BANKRUPTCY COURT
                   FOR THE DISTRICT OF NEVADA

11

12  In Re:                          )  Case. No. BK-S-06-11091-MKN
                                    )
13  SIDNEY LESTER SOFFER,           )
                                    )
14                                  )  Chapter 11
                                    )
15                                  )
                          Debtor.   )  DATE:   September 10, 2007
16                                  )  TIME:   9:30 AM
                                    )
17  _____)

18  _____

19         BRIEF IN SUPPORT OF CONFIRMATION OF THE
      UNITED STATES' SECOND AMENDED CHAPTER 11 PLAN, AS REVISED
20                 (DATED September 6, 2007)

21  _____

22      The UNITED STATES OF AMERICA, on behalf of its agency, the

23  Internal Revenue Service (the Service), submits the following

24  points and authorities in support of confirmation of the UNITED

25  STATES' SECOND AMENDED CHAPTER 11 PLAN, AS REVISED (DATED

26  September 6, 2007).

1      1.   On May 2, 2007, the UNITED STATES' SECOND AMENDED

2  CHAPTER 11 PLAN (DATED May 3, 2007) (Plan) and the SECOND AMENDED

3  DISCLOSURE STATEMENT TO ACCOMPANY UNITED STATES'SECOND AMENDED

4  CHAPTER 11 PLAN (DATED May 3, 2007) (Disclosure Statement) were

5  filed by the United States Internal Revenue Service (Service).[1]

6  Doc. Nos. 114 and 115.

7      2.   By an order entered on July 26, 2007, the Disclosure

8  Statement was approved.   Doc. No. 168.

9      3.   On July 27, 2007, notice was given to all parties in

10  interest of (1) the hearing to confirm the Plan, (2) the deadline

11  to cast ballots to accept or reject the Plan, and (3) the time to

12  file objections to the Plan.   With the notice, all parties in

13  interest were given copies of the Plan and Disclosure Statement,

14  along with appropriate ballots.   Doc. Nos. 171 and 172.

15      4.   No party has filed an objection to confirmation of the

16  Plan.   Entire record.

17      5.   The debtor's surviving spouse, Michiko Soffer,

18  requested certain changes in the Plan, primarily with respect to

19  her ability to stop the liquidation of estate assets if the case

20  progresses to the point where further liquidation of assets is

21  not necessary to pay all claims in full.   Michiko Soffer and a

22  lessee of property of the estate also requested that the Plan

23  provide for assumption of a specific lease.

24

25

26    [1] The Plan and Disclosure Statement were erroneously dated May 3 even though
they were filed on May 2.

1    6.    As a result of these requests, on September 6, 2007,

2    the Service filed the UNITED STATES' SECOND AMENDED CHAPTER 11

3    PLAN, AS REVISED (DATED September 6, 2007) (Revised Plan).  Doc.

4    No. 181.  The Revised Plan does not materially alter the

5    treatment of any claims or interests under the Plan.  A redlined

6    copy of the Revised Plan, showing the changes, is attached as an

7    exhibit.[2]

8    7.    On September 7, 2007, the undersigned counsel for the

9    United States filed a CERTIFICATE OF ACCEPTANCE AND REJECTION OF

10   CHAPTER 11 PLAN (Ballot Summary) showing that ballots that have

11   been received with respect to the Plan.  Doc. No. 182.

12   8.    The Revised Plan satisfies the requirements for

13   confirmation of a chapter 11 plan as set forth in Bankruptcy Code

14   section 1129.

15           a.    Section 1129(a)(1)

16   The Revised Plan complies with all of the applicable

17   provisions of the Bankruptcy Code, including the requirements of

18   section 1122 concerning classification of claims or interests,

19   and the requirements of section 1123 concerning contents of the

20   plan.

21   Each holder of a secured claim is placed in a separate

22   class, constituting Classes 1 through 6.  The unsecured general

23   claims are placed in Class 7.  The interests of the debtor and

24

25   [2] The redlined version attached as an exhibit is the same as the Revised Plan filed as Doc. No. 181, except that the pagination is different and the caption of Doc. No. 181 was corrected to show the current acting United States Attorney.

26

1  his heirs are placed in Class 8.  Revised Plan at pp. 5-6.  The

2  Revised Plan specifies those classes that are impaired and those

3  that are not impaired.  Revised Plan at pp. 6-8.  The Revised

4  Plan provides for the same treatment of each claim within a

5  class.  And, the Revised Plan provides for payment in full of all

6  claims from the liquidation of estate assets, before any

7  distribution in favor of Class 8 interest holders.  Revised Plan

8  at pp. 6-11.

9           b.    Section 1129(a)(2)

10     The proponent of the Revised Plan is the United States

11  Internal Revenue Service.  The Service has complied with all of

12  the applicable provisions of the Bankruptcy Code, including the

13  requirements of section 1125 concerning postpetition disclosure

14  and the requirements of section 1128 concerning a confirmation

15  hearing.  Doc. Nos. 114, 115, 168, 171, 172, 181, and 182.

16           c.    Section 1129(a)(3)

17     The Plan and the Revised Plan have been proposed in good

18  faith and not by any means forbidden by law.  No objection has

19  been filed with respect to confirmation of the Plan.  Therefore,

20  the court may determine that the Plan and Revised Plan have been

21  proposed in good faith and not by any means forbidden by law

22  without receiving evidence on such issues.  Bankruptcy Rule

23  3020(b)(2).

24           d.    Section 1129(a)(4)

25     All payments made or to be made under the Revised Plan for

26  services or for costs and expenses in or in connection with the

1 case, or in connection with the Revised Plan and incident to the

2 case, have been approved by, or are subject to the approval of,

3 the court as reasonable.  Revised Plan at pp. 4 and 12.

4           e.   Section 1129(a)(5)

5     The only individual that will serve, after confirmation of

6 the Revised plan, as a successor to the debtor is the Liquidation

7 Agent, Yvette Weinstein, who currently serves as the chapter 11

8 trustee in the case.  No insider will be employed or retained

9 under the Revised Plan.  Revised Plan at pp. 9-12.

10          f.   Section 1129(a)(6)

11    There are no rates in this case or in the Revised Plan that

12 need to be approved by any governmental regulatory commission.

13          g.   Section 1129(a)(7)

14    Class 1 and Class 2 under the Revised Plan are not impaired.

15 Each holder of a claim or interest in an impaired class has

16 either accepted the Plan (Doc. 182) or will receive or retain

17 property of a value, as of the effective date of the Revised

18 Plan, that is not less than the amount that such holder would so

19 receive or retain if the debtor were liquidated under chapter 7

20 on such date.  Revised Plan at pp. 6-8.

21          h.   Section 1129(a)(8)

22    Classes 1 and 2 are not impaired and are deemed to have

23 accepted the Plan and Revised Plan.  Class 7 has accepted the

24 Plan and Revised Plan.  Doc. No. 182.  And, the undersigned

25 counsel believes that Michiko Soffer will acknowledge her

26 acceptance of the Revised Plan at the confirmation hearing.  The

1  remaining holders of claims or interests have not submitted

2  either an acceptance or a rejection.  However, as discussed

3  below, the Revised Plan satisfies the requirements of Bankruptcy

4  Code section 1129(b), and, therefore, the Revised Plan can be

5  confirmed without satisfying the requirements of section

6  1129(a)(8).

7           i.   Section 1129(a)(9)

8     The Revised Plan satisfies all of the payment requirements

9  of section 1129(a)(9) with respect to priority claims.  Revised

10 Plan at pp. 4.

11          j.   Section 1129(a)(10)

12 Classes 6 and 7 have accepted the Revised Plan.  Doc. No. 182.

13 Therefore, at least one class of impaired claims has accepted the

14 Revised Plan.

15          k.   Section 1129(a)(11)

16    The Revised Plan provides for the liquidation of estate

17 assets as necessary to satisfy all claims in full.  Revised Plan

18 at pp. 9-12.

19          l.   Section 1129(a)(12)

20    All fees payable under section 1930 of title 28 of the

21 United States Code will be paid on the Effective Date of the

22 Revised Plan.  Revised Plan at p. 4.  The most recently filed

23 monthly operating report shows that the estate held $112,943.00

24 in cash as of the end of July, 2007.  Doc. No. 179.

25

26

1          m.   Section 1129(a)(13)

2      The debtor (now deceased) was an individual, and from all

3 available information the debtor did not have any employees at

4 the time this case was commenced and was not obligated to provide

5 any retirement benefits.

6          n.   Section 1129(a)(14)

7      From all available information, the debtor (now deceased)

8 did not have a domestic support obligation when this case was

9 filed.   The interests of debtor's surviving spouse, Michiko

10 Soffer, are represented in this case by Peter Gilhuly and Matthew

11 Johnson.

12          o.   Section 1129(a)(15)

13      There have been no objections to confirmation of the Plan.

14 Thus, section 1129(a)(15) is not invoked.   Moreover, as the

15 debtor is deceased, projected disposable income is not at play.

16 And, it appears that all claims will be paid in full in any

17 event.

18          p.   Section 1129(b)

19      Bankruptcy Code section 1129(b) provides that, upon request

20 of the plan proponent, the court can confirm a plan that complies

21 with all requirements of section 1129(a) other than 1129(a)(8)

22 where the plan does not discriminate unfairly and is fair and

23 equitable with respect each impaired class that has not accepted

24 the plan.   Fair and equitable treatment, with respect to a class

25 of secured claims, is satisfied where the requirements of section

26 1129(b)(2)(A) are met.   Fair and equitable treatment, with

1 | respect to a class of unsecured claims, is satisfied where the

2 | requirements of section 1129(b)(2)(B) are met.  Fair and

3 | equitable treatment, with respect to a class of interests, is

4 | satisfied where the requirements of section 1129(b)(2)(C) are

5 | met.

6 | As to impaired classes of secured claims, the Revised Plan

7 | provides that their collateral will be sold and that all secured

8 | claims will be paid in full with penalties and postpetition

9 | interest accruals.  Revised Plan at pp. 6-8.  Therefore, the

10 | Revised Plan satisfies the fair and equitable requirements of

11 | section 1129(b)(2)(A).

12 | As to unsecured claims, all such claims are either

13 | unclassified Priority Tax Claims (treatment of which is mandated

14 | by section 1129(a)(9)(C)) or they are included in Class 7.  Class

15 | 7 has accepted the Plan and, therefore, the fair and equitable

16 | standards of section 1129(b)(2) do not come into play.  But, in

17 | any event, the Revised Plan satisfies those requirements because

18 | it pays all Class 7 claims in full with postconfirmation interest

19 | prior to any distribution to the Class 8 Interest holders.

20 | Revised Plan at p. 8.

21 | As to interests (Class 8), the Revised Plan provides for no

22 | distribution to any holder of an interest that is junior to Class

23 | 8.  Revised Plan at p. 8.  Therefore, the Revised Plan satisfies

24 | the fair and equitable requirements of section 1129(b)(2)(C).

25 |

26 |

1    WHEREFORE, the United States requests that the Revised Plan

2 be confirmed.

3                                STEVEN W. MYHRE
                               Acting United States Attorney

4

5 Date:  September 7, 2007    By: /s/Rollin G. Thorley___
                               ROLLIN G. THORLEY

6                                Special Assistant
                               United States Attorney

- 9 -